U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

FEB 23 2006

ROBERT H. ~~~~~, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| COBEY N. BRAQUET | CIVIL ACTION NO. 05-1707 |
| VS. | JUDGE MELANÇON |
| LIBERTY MUTUAL INS. CO.<br>CLARKSVILLE REFRIGERATED LINES I, L.P. | MAGISTRATE JUDGE METHVIN |

## ORDER REQUIRING SUBMISSION ON JURISDICTIONAL AMOUNT

This diversity case was filed directly in federal court under 28 U.S.C. §1332. A review of the complaint, however, shows that the plaintiff's allegations with respect to the jurisdictional amount are insufficient. Plaintiff Cobey N. Braquet alleges that he was injured in an automobile accident on September 8, 2005 through the negligence of Charles W. Underwood, an employee of defendant Clarksville Refrigerated Lines I, L.P. Plaintiff does not describe how the accident occurred, nor does he describe his injuries with any specificity. Rather, plaintiff alleges that he has been rendered disabled and seeks past and future lost wages, past and future medical expenses, and damages for pain and mental anguish, all in the amount of $1,950,000.00.

"The burden of establishing subject matter jurisdiction in federal court rests on the party seeking to invoke it." St. Paul Reinsurance Co., Ltd. v. Greenburg, 134 F.3d 1250, 1253 (5th Cir.1998). "Unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith." St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288, 58 S.Ct. 586, 590, 82 L.Ed. 845 (1938); De Aguilar v. Boeing Co., 47 F.3d 1404, 1408 (5th Cir.), cert. denied, 516 U.S. 865, 116 S.Ct. 180, 133 L.Ed.2d 119 (1995). To justify dismissal in a case in which the plaintiff claims a determinate amount, "it must appear to a legal certainty that the claim is really for less than the jurisdictional amount." St. Paul Mercury, 303

U.S. at 289, 58 S.Ct. at 590. However, bare allegations of jurisdictional facts are insufficient to establish federal court jurisdiction. St. Paul Reinsurance, *supra,* 134 F.3d at 1253, *citing,* Asociacion Nacional de Pescadores a Pequena Escala o Artesanales de Colombia v. Dow Quimica de Colombia S.A., 988 F.2d 559, 566 (5th Cir.1993), *cert. denied,* 510 U.S. 1041, 114 S.Ct. 685, 126 L.Ed.2d 653 (1994).[1]

In the case at bar, plaintiff has made "bare allegations" which do not support the claim that the jurisdictional amount is met.

**IT IS THEREFORE ORDERED** that *on or before March 22, 2006,* plaintiff shall file a memorandum setting forth specific facts in controversy which support a finding that the jurisdictional amount exists. Relevant jurisdictional facts which should be included in the response to this Order include the following: (1) a description of the nature and severity of plaintiff's injuries; (2) plaintiff's diagnoses, including whether surgery was recommended or had been performed; (3) if surgery was performed, the nature thereof; (4) duration of medical treatment; (5) dollar amount of medicals incurred at the time of removal; (6) estimate of the dollar amount of medicals which plaintiff will probably incur in the future based upon the medical diagnosis; (7) lost wages incurred; (8) lost wages which plaintiff will probably incur in the future based upon the medical diagnosis; and (9) citations to caselaw involving similar facts which reflect verdicts in the amount of $75,000.00 or more. These facts should be presented in summary-judgment-type evidence.

---

[1] Asociacion was a removed case in which the petition stated in a conclusory fashion that the matter in controversy met the jurisdictional amount. The Fifth Circuit has held that case law in removed cases regarding § 1332's jurisdictional amount requirement is "instructive" in analyzing similar issues in diversity cases filed directly in federal court. St. Paul Reinsurance Co., Ltd. v. Greenburg, 134 F.3d at 1253 (5th Cir.1998).

Defendants will be allowed ten days to reply to plaintiff's arguments.

Signed at Lafayette, Louisiana on February 23, 2006.

_____
Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)